IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAY'LEN D. BELL, Trustee for
BDJ LIVING TRUST,[1]

      Petitioner,

v.                                                                   Case No. 2:25-cv-00761

JOHN B. MCCUSKEY, West Virginia
Attorney General,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S CLAIMS FOR RELIEF

On December 30, 2025, Petitioner filed the instant "Notice of Federal Intervention and Petition for Immediate Vacatur and Dismissal of Judgment," which has been construed and docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. §

---

[1] The undersigned notes that Petitioner's filings in this court and in the cuit court appear to have the hallmarks of those filed by sovereign citizens, whose adherents posit that they are not citizens of the federal government and are not bound by federal or state law, or other "psuedolitigants." *See generally, Samuel Barrows, Sovereigns, Freemen, and Desperate Souls: Towards A Rigorous Understanding of Pseudolitigation Tactics in United States Courts*, 62 B.C. L. Rev. 905 (2021) (describing common features in legal filings by "sovereign citizens"); Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785 (1999) (describing the most common beliefs and legal theories of "sovereign citizens").

2254, although Petitioner was no longer in state custody at that time. (ECF No. 1).[2] Rather, as explained in more detail below, he was a convicted felon, who had, by that time, discharged a six-month sentence for a state-law drug offense.

In pertinent part, Petitioner's instant petition asserts that he was "unlawfully held at the South Central Regional Jail for over a year without bond, in clear violation of the West Virginia "Three-Term Rule." (ECF No. 1 at 1). However, Petitioner was, at some point, released on bond. Petitioner further contends that his bond was subsequently improperly revoked for missing a court hearing for which he received no notice, which "resulted in wrongful re-arrest and extended detention from March 7 to March 19, 2025." (*Id.*)

Petitioner further asserts that he was subsequently "coerced under duress, threats, and compulsion to accept a plea to a lesser felony charge, contrary to law, and despite the original notice error and lack of jurisdiction." (*Id.*) He further alleges that Judge Tatterson, the presiding circuit court judge in his criminal case, ordered him to undergo an unconsented mental and medical evaluation. (*Id.*) Petitioner contends that these actions constituted "procedural fraud and a due process violation[,]" "judicial misconduct," and "ineffective assistance of counsel." (*Id.* at 1-2).

Based upon a review of Petitioner's state criminal docket sheet, of which this Court may take judicial notice, on March 19, 2025, Petitioner pled guilty in the Circuit Court of Jackson County, West Virginia, under a "Binding Kennedy Plea," to one count of "Attempt to Commit a Felony to Wit: Possession with Intent to Deliver - Mariuhuana."

---

2  A § 2254 petition is "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

*See* docket sheet for *State v. Bell*, No. 22-F-50 (Jackson Cty. Cir. Ct.) (attached hereto as Court's Exhibit A). During the plea hearing, Judge Tatterson advised Petitioner of the nature of the charge to which intended to plead, the maximum possible penalty provided by law, and his rights surrounding the criminal process and those he was waiving by pleading guilty. *See* Orders attached hereto as Court's Exhibit B (of which this Court may also take judicial notice). Judge Tatterson found that Petitioner had adequate opportunity to consult with his attorney and that his guilty plea was knowing and voluntary. Thus, he accepted Petitioner's guilty plea and plea agreement. (*Id.*)

Having been adjudged guilty and waived any presentence investigation, Petitioner was permitted to make a statement and to present any other evidence in mitigation before sentencing. (*Id.*) Petitioner was sentenced to six months in prison. (*Id.*) Since he had already served that time in pre-trial incarceration, Petitioner's sentence was immediately discharged, and he was released from jail, and his criminal case was closed. (*Id.*)

However, on March 31, 2025, Petitioner filed a motion to vacate guilty plea due to alleged coercion, duress, and violations of federal law. (*See* Court's Ex. A). That motion was denied the same day. (*Id.*) There is no indication from the docket sheet that Petitioner has attempted to directly appeal his conviction, sentence, or the denial of his motion to vacate his guilty plea to the Supreme Court of Appeals of West Virginia ("SCAWV"), or that he has initiated state post-conviction habeas corpus proceedings. It further appears that Petitioner has filed additional post-conviction motions in the circuit court that have not yet been ruled on. (*Id.*)

As a convicted prisoner, any habeas corpus remedy available to Petitioner would be under 28 U.S.C. § 2254. However, it is further apparent from the petition and court documents on which this Court may take judicial notice that, at the time of filing herein, Petitioner had not exhausted his state appellate or post-conviction habeas corpus remedies as required. Thus, his federal petition must be dismissed.

## **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust her state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse

ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

## **ANALYSIS**

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either a direct appeal, or in a habeas corpus petition filed in an appropriate circuit court, followed by an appeal of the exact same issues to the SCAWV. The claims may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims. It appears that Petitioner sought none of these remedies before filing his § 2254 petition herein.

Following his conviction, Petitioner still had other potential avenues in the state court to address these claims, including a direct appeal, as well as an application for state post-conviction relief.[3] According to his criminal docket sheet, he has not sought any of those remedies, and may still have post-conviction motions pending in the circuit court

---

[3] To the extent that Petitioner may not be able to seek a writ of habeas corpus in the state courts due to his release from custody, the State of West Virginia still recognizes a writ of error coram nobis in criminal cases. *See State v. Hutton*, 776 S.E.2d 621, 633-34 (W. Va. 2015).

criminal proceeding.  *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")  Thus, this federal court should dismiss the instant § 2254 petition for failure to exhaust available state court remedies.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner did not exhaust available state court remedies through which he may present his federal claims for habeas corpus relief prior to filing the instant § 2254 petition.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's petition (ECF No. 1), and this civil action, without prejudice.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

January 14, 2026

Dwane L. Tinsley
United States Magistrate Judge