IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY'LEN D. BELL, et al.,

        Petitioners,

v.                                             CIVIL ACTION NO. 2:25-cv-00761

JOHN B. MCCUSKEY,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On January 14, 2026, Judge Tinsley submitted his Proposed Findings & Recommendation (PF&R), [ECF No. 6], recommending that the court **DISMISS without prejudice** the Petition for Writ of Habeas Corpus, [ECF No. 1], and this civil action from the court's docket. The plaintiff filed a Supplemental Filing [ECF No. 7], which the court will treat as a general objection to Judge Tinsley's PF&R. No other objections were filed by the parties.

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

The PF&R submitted by Judge Tinsley gave notice to the parties had a period of time from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the [PF&R] to which objection is made, and the basis of such objection." [ECF No. 6, at 6]. Despite this guidance, the plaintiff's Supplemental Filing fails to make specific objections or identify any alleged errors. Therefore, the court **FINDS** that a de novo review of the PF&R is not required. The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DISMISSES without prejudice** the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, and this civil action and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    February 11, 2026

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE